IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAROL K. LEE aka MAROL K. LOFTIS,<br><br>        Plaintiff,<br><br>   vs.<br><br>HAWAII PACIFIC UNIVERSITY, ET AL.,<br><br>        Defendants. | Civ. No. 12-00604 BMK<br><br>ORDER DENYING DEFENDANTS' EX PARTE MOTION TO FILE UNDER SEAL |

ORDER DENYING DEFENDANTS' EX PARTE
MOTION TO FILE UNDER SEAL

      Before the Court is Defendants Hawaii Pacific University, Deborah Nakashima, and John Kearns' ("Defendants") Ex Parte Motion to File Under Seal. (Doc.66.) After careful consideration of the Motion and the supporting memorandum, Defendants' Motion is DENIED.[1]

DISCUSSION

      Defendants' Motion seeks leave of the court to file a Motion for Summary Judgment, Concise Statement of Facts, and supporting documents under

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

seal. Defendants contend that filing under seal is appropriate pursuant to the parties' Stipulated Protective Order (Doc. 60), the Family Educational Rights and Privacy Act ("FERPA"), and in light of an ongoing federal investigation. Additionally, Defendants assert that Plaintiff does not object to filing under seal.

Due to the common law "general right to inspect and copy public records and documents, including judicial records and documents," there is a "strong presumption" in favor of maintaining public access to judicial records that are not of a type "traditionally kept secret for important policy reasons." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); see also Doe v. Kamehameha Schools, 596 F.3d 1036, 1042 (9th Cir. 2010). Dispositive motions, "including motions for summary judgment and related attachments," are not the type of documents traditionally kept secret. Kamakana, 447 F.3d at 1179. Rather, open access to dispositive motions is "at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Id.

Accordingly, a party seeking to seal a motion for summary judgment and its supporting documents bears the burden of overcoming the strong presumption in favor of public access by "articulating compelling reasons that outweigh the general history of access and the public policy favoring disclosure."

<u>U.S. v. Business of Custer Battlefield Museum</u>, 658 F.3d 1188, 1194 (9th Cir. 2011)(internal quotes omitted).

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

<u>Kamakana</u>, 596 F.3d at 1179.  The "compelling reasons" standard is decidedly more stringent than the "good cause" standard applicable to non-dispositve motions and documents produced in discovery.  <u>Id.</u> at 1180.

Defendants primarily assert that the Stipulated Protective Order in this case "requires that information designated as 'Confidential' or 'Highly Confidential' be filed under seal."  (Motion at 3.)  A Stipulated Protective Order limiting access to discovery documents does not, however, relieve a party from satisfying the "compelling reasons" test when that discovery is later utilized in a dispositive motion.  <u>See</u> <u>id.</u> at 1183 (noting that a stipulated blanket protective order for purposes of discovery, without more, "does not justify sealing court records.").  As the Ninth Circuit explained in <u>Kamakana</u>, judges may grant pre-trial

protective orders without the benefit of making individualized determinations as to specific documents.  Id. at 1183.  Thus a protective order cannot by itself be a compelling reason that rebuts the presumption of public access to court documents.  See id.

Moreover, a party moving to file documents under seal is required to provide "specific compelling reasons" to justify doing so.  Id. at 1183-84.  "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."  Id. at 1184.  Defendants' Motion to File Under Seal offers no document specific discussion.  Rather, Defendants simply cite the discretion granted to them by the Protective Order to designate "confidential information,"  the broad standards of FERPA, and note "an ongoing federal investigation."  The Court holds that Defendants have failed to provide "specific compelling reasons" to justify their broad request.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Ex Parte Motion to File Under Seal.

DATED:  Honolulu, Hawaii, December 6, 2013.

IT IS SO ORDERED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Marol K. Lee aka Marol K. Loftis v. Hawaii Pacific University, et al,, Civ. No. 12-00604 BMK; ORDER DENYING DEFENDANTS' EX PARTE MOTION TO FILE UNDER SEAL.